# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| VINMAR INTERNATIONAL LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| MT CLIPPER MAKISHIO, her | § | |
| engines, etc., <u>in rem</u>; HAVI OCEAN | § | |
| CO. LLC; PIONEER JOE SHIPPING | § | |
| S.A.; and NAGASHIKI SHIPPING | § | |
| CO. LTD, | § | |
| | § | |
| Defendants. | § | |

## <u>VERIFIED ORIGINAL COMPLAINT</u>

COMES NOW Plaintiff Vinmar International Ltd., who files this Verified Original Complaint against Defendants MT CLIPPER MAKISHIO, Havi Ocean Co. LLC, Pioneer Joe Shipping S.A. and Nagashiki Shipping Co. Ltd. In support of its Original Complaint, Plaintiff respectfully shows the Court as follows:

### I.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### II.

Plaintiff, Vinmar International, Ltd., is a foreign business entity organized and existing under the laws of the Cayman Islands with its principal place of business in Houston, Texas.

**III.**

At all material times Defendant Pioneer Joe Shipping S.A. ("Pioneer") was the registered owner and Defendant Nagashiki Shipping Co. Ltd. ("Nagashiki") was the bareboat charterer of Defendant MT CLIPPER MAKISHIO (the "Vessel").  Upon information and belief, Nagashiki was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Japan, with a principal place of business located at 2776-2, Sotoura Kounoshima, Kasaoka-city, Okayama-Pref 714-0034, Japan.

**IV.**

Defendant Havi Ocean Co. LLC ("Havi") was a time charterer of the Vessel.  Upon information and belief, Havi was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the United Arab Emirates , with a principal place of business located at Office No. 405, 4th Fl, P.O. Box 29061, National Bank of Umm Al Quiwain Bldg., Bank Street, Dubai, United Arab Emirates.

**V.**

Plaintiff was the subcharterer of the Vessel under a charter party dated March 13, 2009 with Defendant Havi for the carriage of cumene, acetone, and butanol cargoes from Rotterdam to China (the "Subcharter").

**VI.**

After the Plaintiff's cargoes were loaded, the agents for the Vessel, acting on behalf of the Master, issued nine Bills of Lading which incorporated the terms of the Subcharter by reference.  The Bills of Lading did not identify the carrier.  But, having been signed on behalf of the Master, they

became separate contracts of carriage between Plaintiff and either Defendant Pioneer, as the registered owner of the Vessel, or Defendant Nagashiki, as the bareboat charterer.

## VII.

Defendant MT CLIPPER MAKISHIO is now, or will be during the pendency of this action, within the jurisdiction of the Court.

## VIII.

Defendants were obligated under the Subcharter and the Bills of Lading, which incorporated the terms of the Subcharter by reference, to tender the vessel between March 18-25, 2009 with tanks that were clean for safe carriage of Plaintiff's cargoes.   The Subcharter and the Bills of Lading, which incorporated the terms of the Subcharter by reference, expressly made Defendants responsible for "delays and associated costs as a result of Vessel arriving at loadport and not being in a suitable condition to load" including "cargo operations costs".

## IX.

Defendants were obligated under the Subcharter and the Bills of Lading, which incorporated the terms of the Subcharter by reference, to give notice about the Vessel's estimated time of arrival in Rotterdam.   On March 20, 2009 the Vessel gave notice that she would arrive in Rotterdam on March 21, 2009, but would thereafter require 3 to 4 days to clean her tanks to receive Plaintiff's cargoes–i.e., by March 25, 2009 at the latest.

## X.

The Subcharter and the Bills of Lading, which incorporated the terms of the Subcharter by reference,  expressly authorized Plaintiff to transship its cargoes to the Vessel in Rotterdam from barges that had transported them from upriver locations.   In reliance on the Vessel's notice that she

would be clean and ready to receive the cargoes by March 25, Plaintiff ordered five (5) barges to be loaded with parcels of the cargoes at inland locations in time to transship them to the Vessel by March 25.  Two of the barges arrived on or before March 25, two arrived on March 26, and the fifth on March 27.

## XI.

The Vessel was practically brand new.  She had carried only one cargo of palm oil in any of her tanks prior to loading the Plaintiff's cargoes.  Due to a lack of training and experience, the Vessel's crew was unable to get the tanks clean enough to receive Plaintiff's cargoes for 14 days, which was more than three times the period in which cleaning would have been accomplished by a competent crew.  The Vessel's tanks became clean and available to receive the cargoes only on April 4, when transshipment from the barges to the Vessel commenced.

## XII.

The failure of the Vessel to be in a suitable condition to load Plaintiff's cargoes from March 25 to April 4, constituted breaches of Defendants' obligations under the Subcharter and the Bills of Lading.

## XIII.

Plaintiff paid Euros 196,995.75 in excess barge demurrage to the barge owners, and Euros 5,760 for excess rental of hoses and fenders, in connection with the delay in transshipment during the 10 day period from March 25 to April 4.  Plaintiff billed Defendant Havi for the "delay and associated costs" as well as "cargo operation costs" resulting from the Vessel's unsuitable condition

to accept timely transshipment of the cargoes.  Defendant Havi advised that it had passed the claims on to Defendant Nagashiki.  Defendants have refused to pay  Plaintiff's claims.

## XIV.

The Subcharter and the Bills of Lading, which incorporate the terms of the Subcharter by reference, provide for arbitration of claims in London.  The arbitration agreement is subject to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards and chapters 1 and 2 of Title 9 of the United States Code.  Plaintiff brings this suit under 9 U.S.C. § 8 seeking security for its claims while reserving its right to arbitrate, with the Court retaining jurisdiction for purposes of enforcing the Final Award.

## XV.

By reason of the premises, plaintiff has suffered damages in the amount of $460,000 as near as may now be determined, including estimated pre-award interest and projected legal expenses for the London arbitration.

## XVI.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE VESSEL IN REM

## 1.

Plaintiff has a maritime lien on the Vessel for Defendant Havi's breach of the Subcharter, as well as for breach by Defendants Pioneer or Nagashiki of the terms of the Bills of Lading which incorporated the Subcharter by reference.

**2.**

Plaintiff is entitled to recover judgment against the Vessel <u>in rem</u> entered upon an arbitration award in Plaintiff's favor against the Defendants.

**XVII.**

<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANT HAVI</u>

**1.**

Plaintiff repeats the allegations in Paragraphs I through XVI of this Complaint.

**2.**

Defendant Havi has claimed against Plaintiff for $77,593.50 in demurrage on the Vessel during the voyage.  Plaintiff acknowledges that Defendant Havi is entitled to recoup $33,487.59 of Vessel demurrage against Plaintiff's claims herein against Defendant Havi.

**3.**

Plaintiff is entitled to recover judgment upon an arbitration award in Plaintiff's favor against Defendant Havi.

**XVIII.**

<u>AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS PIONEER JOE
OR NAGASHIKI</u>

**1.**

Plaintiff repeats the allegations in Paragraphs I through XVII of this Complaint.

**2.**

Plaintiff is entitled to recover judgment upon an arbitration award in Plaintiff's favor against Defendants Pioneer and/or Nagashiki.

6

**PRAYER**

WHEREFORE, Plaintiff prays that the Court:

1.       Issue a warrant in rem pursuant to Rule C of the Federal Rules of Civil Procedure for the arrest of MT CLIPPER MAKISHIO, citing all persons claiming an interest in the Vessel to appear and answer the matters stated herein;

2.       Issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure, pertaining to any defendant which cannot be found within the District, directing the United States Marshal to attach all of the property of such defendant within this District, including the Vessel, in the sum of $460,000, with interest thereon and costs;

3.       Condemn and sell the Vessel to provide security for Plaintiff's claim;

4.       Condemn and sell the tangible and intangible property of any defendant which cannot be found within this District to provide security for Plaintiff's claim;

5.       Direct the parties to proceed to arbitration in London, stay this suit pending the outcome of the arbitration, and retain jurisdiction to enter judgment on any award by arbitrators; and

6.      Award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PREIS & ROY

/s/ _____
FRANK A. PICCOLO
Federal Bar No. 30197
Texas State Bar. No. 24031227
Preis & Roy, PLC
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Phone: (713) 355-6062
Fax:    (713) 572-9129

**ATTORNEY-IN-CHARGE FOR PLAINTIFF,
VINMAR INTERNATIONAL, LTD.**

**OF COUNSEL:**
**PREIS & ROY, PLC**
DAVID L. PYBUS
Federal Bar No. 7519
State Bar No. 16418900
KEVIN T. DOSSETT
Federal Bar No. 22749
State Bar No. 24004623
HILARY A. FRISBIE
Federal Bar No. 581998
State Bar No. 24045899
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Phone: (713) 355-6062
Fax:    (713) 572-9129